IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rose Desarno, ) | Civil Action No.: 4:13-cv-02031 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Town of Timmonsville, Mayor ) | |
| Derrick Jackson, and Former Mayor ) | |
| James Beard, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Rose Desarno filed this action against the above-captioned Defendants in the Florence County South Carolina Court of Common Pleas. On July 24, 2013, two defendants to the initial complaint, American Honda Motor Company, Inc. and Honda of South Carolina Manufacturing, Inc. (collectively the "Honda Parties"),[1] timely removed the action to this Court, arguing that the Court has jurisdiction as a result of the substantial federal questions raised in Plaintiff's complaint, as well as the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Notice of Removal, ECF No. 1. Plaintiff subsequently filed a motion to remand the action back to state court. Mot. to Remand, ECF No. 14, and only the Honda Parties submitted a timely response, Honda Parties' Memo. in Opp. to Mot. to Remand, ECF No. 15. The motion is now before the Court. After considering the parties' briefs, the Court grants Plaintiff's motion and remands the action to state court.[2]

---

[1] On February 19, 2014, all parties stipulated to the dismissal of the Honda Parties. Accordingly, the Honda Parties are no longer parties to the action. ECF No. 39.

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The issues have been briefed by the parties, and the Court believes a hearing is not necessary.

Initially, Plaintiff brought this action both individually and on behalf of three proposed classes of similarly situated plaintiffs; however, on February 19, 2014, the Court issued a consent order granting Plaintiff's motion to amend the complaint. ECF No. 37.  Pertinent to the motion now before the Court, Plaintiff's amended complaint omitted the class allegations she asserted in her initial complaint. Am. Compl., ECF No. 41.  Furthermore, on the same day the Court granted Plaintiff's motion to amend, all parties stipulated to the dismissal of the Honda Parties, who, as noted above, were the parties who removed the action to this Court. ECF No. 39.  Indeed, only the Honda Parties responded to Plaintiff's motion to remand. Accordingly, the only causes of action now alleged by Plaintiff are her claims, under South Carolina state law, of negligence, gross negligence, breach of fiduciary duty, public nuisance, private nuisance, quantum meruit, unjust enrichment, and intentional infliction of emotional distress (outrage).  All of these claims arise from the occurrence of adverse effects to her health and property that she alleges resulted from the actions and omissions of Defendants in their management of the drinking water and sewage systems in Timmonsville, South Carolina.

In her motion to remand, Plaintiff contends that this action was improperly removed to this Court.  In response, however, the Honda Parties argued that this Court has subject matter jurisdiction.  First, they maintained that Plaintiff's complaint alleges a claim asserting a federal question under 28 U.S.C. § 1331, citing Plaintiff's allegations that *they* violated federal regulations. Additionally, they contended that the Court has jurisdiction to hear the action as a result of CAFA and Plaintiff's class allegations.  Remand of a case to state court following removal is governed by 28 U.S.C. §§ 1447(c) and (d).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia*

2

*Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.*; *see also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (explaining that any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction).

As noted above, Defendants Town of Timmonsville, Mayor Derrick Jackson, and former Mayor James Beard, the remaining defendants in this action, did not respond in opposition to Plaintiff's motion to remand. Nor did they join the Honda Parties in their opposition to the motion. Accordingly, for the reasons argued by Plaintiff in her motion to remand, the Court finds remand to be appropriate.

**IT THEREFORE IS ORDERED** that Plaintiff's motion to remand (ECF No. 14) be **GRANTED** and that this case be **REMANDED** to the Court of Common Pleas for Florence County, South Carolina. A certified copy of this order shall be mailed by the Clerk of this Court to the Clerk of Court for the Court of Common Pleas for Florence County, South Carolina.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 21, 2014
Florence, South Carolina

3